UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ARMANDO VILLARREAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-cv-292 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**OPINION and ORDER**

Pending before the Court is Plaintiff Jose Armando Villareals' ("Plaintiff") self-styled "Plaintiff's Motion to Remand and for Attorneys' Fees."[1] Defendant State Farm Lloyds ("Defendant") has filed a response in opposition.[2] Plaintiff has replied[3] and Defendant has sur-replied.[4] After considering the motion, response, reply, surrreply, and relevant authorities, the Court **DENIES** the motion.

**I.    Background**

On June 1, 2015, Plaintiff filed his original petition in state court, asserting various insurance-related causes of action for damages resulting from a wind or hail storm.[5] Subsequently, Defendant removed the action to this Court on June, 29, 2015, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] On July 9, 2015, Plaintiff filed the instant motion seeking both remand of the action and attorneys' fees.[7] Plaintiff claims that the amount in controversy does not exceed $75,000, that the Court therefore lacks diversity jurisdiction, and

---

[1] Dkt. No. 4 ("Motion").
[2] Dkt. No. 8 ("Response").
[3] Dkt. No. 9 ("Reply").
[4] Dkt. No. 10 ("Surreply").
[5] *See* Motion, Exh. A ("Petition").
[6] Dkt. No. 1 ("Notice of Removal").
[7] *See* Motion at p. 4.

that Plaintiff is entitled to recover attorneys' fees incurred as a result of filing the instant motion.[8]

The Court now considers the relief requested in conjunction with the parties subsequent filings.

## II.   Legal Standard

The removing party bears the burden of establishing whether federal jurisdiction exists,[9]

and the Court must resolve all doubts regarding whether removal jurisdiction is proper in favor

of remand.[10]   The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless

the parties are completely diverse and the amount in controversy exceeds $75,000.[11]   Generally,

"the sum demanded in good faith in the initial pleading shall be deemed to be the amount in

controversy."[12]   However, when the state practice does not permit a demand for a specific sum,

removal is proper if the removing party proves by a preponderance of the evidence that the

amount in controversy exceeds $75,000.[13]   Defendant can satisfy this burden by (1) showing it is

"apparent from the face of the petition that the claims are likely to exceed $75,000" or (2) setting

forth "summary judgment-type evidence of facts in controversy that support a finding of the

requisite amount."[14]

"[I]f it is facially apparent from the petition that the amount in controversy exceeds

$75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing

the amount do not deprive the district court of jurisdiction."[15]   In other words, these post-removal

filings may only be considered in determining the amount in controversy "if the basis for

---

[8] *See* Motion at pp. 1-4.
[9] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).
[10] *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000).
[11] 28 U.S.C. § 1332(a).
[12] *Id*. § 1446(c)(2).
[13] *Id*; *see also De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993).
[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal quotation marks and citations omitted).
[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

jurisdiction is ambiguous at the time of removal."[16]  "Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal."[17]

## III.   Discussion

Plaintiff claims that diversity jurisdiction is improper in this case because the amount in controversy has not been satisfied. In his petition, Plaintiff declares that his "damages are less than $75,000.00."[18] Plaintiff contends that this language, as well as Plaintiff's pre-suit demand letter and damage model, "unequivocally demonstrate[s] that Plaintiff's damages are less than $75,000.00."[19]

As previously noted, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy; however, this request does not control when made in bad faith or when state practice does not permit demand for a specific sum.[20]  In Texas, the law does not permit a plaintiff to plead for a specific amount.   Rather, Rule 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages.[21] Here, Plaintiff does not include the range required by Rule 47(c)(1)-(5). Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as bad

---

[16] *Id.*
[17] *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (emphasis in original).
[18] Petition at ¶ 4.
[19] Motion at p. 2.
[20] 28 U.S.C. § 1446(c)(2).
[21] Tex. R. Civ. P. 47(b)-(c).

faith."[22] These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, "[a]s a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction."[23] Thus, Plaintiff's specific sum does not control the Court's analysis.

In support of its position that the amount in controversy exceeds $75,000 in the instant case, Defendant points out to the Court that Plaintiff's original petition requests exemplary damages in addition to his other requested damages.[24] Specifically, Defendant notes, in its response to the instant motion, that "when the amount demanded in the pre-suit 'damage model' is coupled with . . . [Plaintiff's] claims for exemplary . . . damages . . . the amount in controversy exceeds $75,000.00"[25] The Court agrees.

Plaintiff's pre-suit demand letter outlines some of the damages which Plaintiff claims to have suffered. In the demand letter, Plaintiff requested $33,673.12 to resolve his claims against Defendant. Additionally, Plaintiff attached a damage model with the demand letter explaining how the $33,673.12 was calculated. The damage model listed various amounts for different claims including: an amount for Plaintiff's total policy claims, an 18% penalty, mental anguish, attorney's fees, taxable court costs, and pre-judgment interest.[26] However, nowhere in the damage model is any calculation attributed to Plaintiff's claim for punitive damages. Plaintiff's original petition specifically seeks punitive damages for alleged "intentional and . . . knowing disregard for Plaintiff's rights . . . ."[27]

---

[22] *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").
[23] *De Aguilar*, 47 F.3d at 1410.
[24] Response at ¶ 8.
[25] *Id.* at ¶ 13.
[26] *See* Motion, Exh. C.
[27] Petition at ¶ 18.

Under Texas law, punitive damages are included within the definition of exemplary damages.[28] Additionally, in Texas, an exemplary damages award can result in an increase of up to at least $200,000 for a plaintiff.[29] Furthermore, the Fifth Circuit has held that punitive damages are "to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law . . . ."[30] Therefore, the Court believes the judicial threshold requirement of $75,000 could easily be met if Plaintiff's claim for punitive damages is successful.

In his last effort to avoid the federal forum, Plaintiff offers the affidavit testimony of Plainiff's counsel, Ms. Katherine Ray. In her affidavit, Ms. Ray states that "[t]he claimed amount of damages . . . amounts to $33,673.12. This is below the $75,000 threshold necessary for Federal Jurisdiction under 28 U.S.C. § 1332."[31] The Court finds this testimony unconvincing. As noted earlier, post-removal affidavits may only be considered in determining the amount in controversy at the time of removal "if the basis for jurisdiction is ambiguous at the time of removal."[32] It is quite clear to the Court that Defendant's basis for jurisdiction was unambiguous at the time of removal. Therefore, the Court finds that Defendant has met its burden by demonstrating by a preponderance of the evidence that the amount in controversy in the instant case met the jurisdictional threshold at the time of removal. Accordingly, the Court has jurisdiction to hear this lawsuit.

---

[28] Tex. Civ. Prac. & Rem.Code § 41.001(5).
[29] *See* Tex. Civ. Prac. & Rem. Code § 41.008(b).
[30] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[31] Motion, Exh. D.
[32] *Gebbia*, 233 F.3d at 883.

## IV.    Attorneys' Fees

Lastly, the Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[33] Since Defendant has shown that removal in this case was proper, Plaintiff's claims for attorneys' fees must fail.

## V.    Holding

For the foregoing reasons, the Court finds that it has jurisdiction to hear this case because the amount in controversy exceeds $75,000. Therefore, Plaintiff's motion to remand and request for attorneys' fees is **DENIED**.

IT IS SO ORDERED.

DONE this 7th day of October, 2015, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[33] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005).